FRANCIS, DAY & HUNTER, LTD.,
Plaintiff-Appellant,

v.

BROADWAY MUSIC CORPORATION,
Defendant-Appellee.

No. 226, Docket 27816.

United States Court of Appeals
Second Circuit.

Argued Jan. 24, 1963.

Decided Feb. 1, 1963.

Julian T. Abeles, New York City, for plaintiff-appellant.

George Garfunkel, New York City, for defendant-appellee.

Before FRIENDLY, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

This action for money had and received was brought in the District Court for the Southern District of New York by plaintiff, a British corporation, against defendant, a New York corporation. The parties are music publishers; under arrangements dating back to 1907 defendant and its predecessor granted plaintiff rights for various foreign countries with respect to musical compositions for which defendant and its predecessor held the American copyright, in consideration of royalties, generally speaking 50% of the amounts received by plaintiff. Many years later the talking motion picture was developed, and defendant granted licenses for "synchronization" of the copyrighted compositions as to various foreign countries. Defendant acknowledges its liability for 50% of the royalties received from such licenses for the countries concerned, but plaintiff claims that, in some instances, defendant had no right to grant any licenses and that plaintiff is thus entitled

to more. For this and other reasons it brought this action to recover the balance alleged to be due. Judge Levet awarded it judgment in the net amount of $14,952.69, which plaintiff claims to be inadequate in four respects.

We have examined plaintiff's attacks and are not convinced that Judge Levet's result is in error. The arrangements between the parties are complicated and, as would be expected when agreements must be applied to a development not contemplated at the time many of them were made, not altogether clear. The practices followed by the parties over the years also give rise to some conflicting inferences. The judge's resolution of the various disputes appears to us to be reasonable; we would accomplish nothing useful by saying more.

Affirmed.